UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────x
⋮
SHADELLE AMARANTE,                    ⋮
                         Plaintiff,   ⋮   [PROPOSED]
     -against-                        ⋮   AMENDED COMPLAINT
                                      ⋮   AND JURY DEMAND
                                      ⋮
THE CITY OF NEW YORK, and POLICE      ⋮   No. 16-cv-974
OFFICER DAVID PIERSON and POLICE      ⋮
OFFICER CARLOS FABARA of the NEW YORK ⋮
CITY POLICE DEPARTMENT,               ⋮
                                      ⋮
                         Defendants.  ⋮
──────────────────────────────────────x

## PRELIMINARY STATEMENT

1.      This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK and POLICE OFFICERS DAVID PIERSON AND CARLOS FABARA of the New York City Police Department ("NYPD"), arising out of the false arrest, false imprisonment, and malicious prosecution against SHADELLE AMARANTE.

2.      On August 27, 2014, POLICE OFFICERS DAVID PIERSON and CARLOS FABARA and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected Plaintiff to false arrest, false imprisonment detention, and malicious prosecution, despite the fact that she had committed no crime. This unconstitutional and unreasonable seizure of the Plaintiff was in violation her rights under the Fourth Amendment to the United States Constitution.

3. Plaintiff SHADELLE AMARANTE, through her attorneys, complaining of the Defendants, respectfully alleges:

## JURISDICTION

4. This action is brought under 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the Constitution of the United States. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Queens County.

## PARTIES

6. Plaintiff at all times relevant hereto resided in Forest Hills, County of Queens, State of New York.

7. At all times hereinafter mentioned, and upon information and belief, Defendant CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

8. The NYPD was at all times relevant hereto, an agency of Defendant CITY OF NEW YORK.

9. That at all times hereinafter mentioned, and on information and belief, Defendants POLICE OFFICERS DAVID PIERSON and CARLOS FABARA, and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK.

10. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

11. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

12. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

13. On or about August 27, 2014, at approximately 9 p.m., Plaintiff was inside the New York Sports Club location at 69-47 Austin Street in Forest Hills, Queens, where she holds a membership.

14. While she was using the facilities provided by the New York Sports Club for members' use, a woman that Plaintiff had never met before approached her and, for no apparent reason, began talking to Plaintiff loudly and aggressively, causing Plaintiff to become uncomfortable and fear for her safety.

15. Plaintiff went to the customer service desk located just inside the entry to the New York Sports Club to ask an employee to call the NYPD.

3

16.  An employee of the New York Sports Club refused to call the NYPD, claiming there was nothing she could do because she was preparing to close the New York Sports Club for the night.

17.  Plaintiff then called the NYPD herself to report the woman whose behavior had made her uncomfortable and afraid.

18.  Because the New York Sports Club was closing, Plaintiff waited outside on the sidewalk for the police to arrive.

19.  Shortly thereafter, a single NYPD vehicle arrived. POLICE OFFICERS DAVID PIERSON and CARLOS FABARA exited the vehicle and approached Plaintiff.

20.  Plaintiff described the woman and the behavior that had made her uncomfortable and afraid to POLICE OFFICERS DAVID PIERSON and CARLOS FABARA.

21.  After Plaintiff had made her statement, POLICE OFFICERS DAVID PIERSON and CARLOS FABARA talked among themselves. One of the police officers said, "What should we get her for? False report?"

22.  Then POLICE OFFICER DAVID PIERSON asked Plaintiff, "Have you ever been arrested before?"

23.  Then POLICE OFFICERS DAVID PIERSON and CARLOS FABARA placed Plaintiff under arrest, pulling her hands behind her back and handcuffing her.

24. POLICE OFFICERS DAVID PIERSON and CARLOS FABARA did not tell Plaintiff why she was being arrested or otherwise explain their behavior.

25. Plaintiff was then taken to the 112th precinct.

26. POLICE OFFICERS DAVID PIERSON and CARLOS FABARA forced Plaintiff to surrender her personal belongings and also subjected her hair to a detailed search.

27. After being held for approximately one to two hours, POLICE OFFICERS DAVID PIERSON and CARLOS FABARA handed Plaintiff a summons and allowed her to leave the 112th precinct.

28. The summons indicated that Plaintiff had been charged with NYPL 240.20(5), Disorderly Conduct by obstructing vehicular or pedestrian traffic and set a court date of October 14, 2014.

29. Plaintiff had not been obstructing pedestrian traffic or committing any other crime on August 27, 2014.

30. When Plaintiff arrived for her court date on October 14, 2014, she was told that the case had been dismissed.

31. A court clerk handed her a sheet of paper entitled, "Certificate of Disposition," which stated, in relevant part, that the charges had been dismissed as "legally insufficient."

32. Because of Defendants' conduct, plaintiff was imprisoned, detained, restrained and against his will and was unlawfully deprived of his liberty and property.

33. The arrest of the Plaintiff was committed by the Defendants without legal process and without probable cause.

34. Defendants acted maliciously and intentionally.

35. As a direct and proximate result of the acts of Defendants, Plaintiff suffered injuries including but not limited to, loss of liberty; embarrassment; humiliation; feelings of worthlessness, insecurity, and vulnerability; and emotional distress.

5

36. Furthermore, as a direct and proximate result of the acts of Defendants, Plaintiff sometimes has flashbacks and has trouble sleeping and concentrating.

## FIRST CLAIM FOR RELIEF
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

37. Paragraphs 1 through 36 are herein incorporated by reference.

38. Defendants POLICE OFFICERS DAVID PIERSON and CARLOS FABARA subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

39. Defendants have deprived plaintiff of her civil, constitutional and statutory, and are liable to plaintiff under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

40. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the Defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(MALICIOUS PROSECUTION)

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendants POLICE OFFICER DAVID PIERSON, knowing that Plaintiff had not engaged in disorderly conduct or obstructed vehicular or

6

pedestrian traffic or committed any other crime, and aware that he lacked probable cause to file any criminal charges against Plaintiff, nevertheless initiated a criminal prosecution of Plaintiff by causing a false accusatory instrument to be filed against her.

43. When Plaintiff arrived for her court date, she learned that a judge had already dismissed the charges because they were "legally insufficient."

44. Plaintiff has been deprived of her civil, constitutional and statutory rights and are liable under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

45. As a result of the wrongful, malicious and illegal acts of Defendants, Plaintiff was damaged in the amount of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

THIRD CLAIM FOR RELIEF
(MUNICIPAL LIABILTY)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

48. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

49. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

50. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

51. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

52. Defendants subjected plaintiff to false arrest and false imprisonment.

53. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

### Jury Demand

Plaintiff demands a jury trial.

Dated: New York, New York
August 22, 2016

8

                                      BROMBERG LAW OFFICE, P.C.


                                      /s/ Jonathan R. Miller
                        By:   Jonathan R. Miller
                              One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Telephone: (212) 248-7906